Order Form (01/2005)

## United States District Court, Northern District of Illinois

06B16966

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3158 | **DATE** | August 9, 2007 |
| **CASE TITLE** | In Re: Charles Mobley | | |

**DOCKET ENTRY TEXT**

The Trustee's motion [7] to dismiss is granted and Mobley's appeal is dismissed with prejudice. All matters in controversy having been resolved, final judgment of dismissal with prejudice is entered. Ruling set for 8/16/2007 is stricken as moot.

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
AUG 14 2007
KENNETH S. GARDNER, CLERK
OP A

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### ORDER

This matter is before this Court on the motion of Philip Martino, Chapter 7 Trustee (the "Trustee"), to dismiss Charles Mobley's appeal from seven separate orders issued by the Honorable Carol A. Doyle of the United States Bankruptcy Court for the Northern District of Illinois. For the following reasons, the Trustee's motion is granted.

Mobley filed his notice of appeal on May 23, 2007, with the Bankruptcy Court, announcing his intent to appeal orders issued by Judge Doyle on the following dates in 2007: February 1, 20, and 27; March 20; April 3 and 18; and May 1. On June 5, 2007, Mobley filed his "Designation of Issues on Appeal" in which he complained only that Judge Doyle's February 2007 orders were in conflict with the local rules. The Trustee filed his motion to dismiss on June 12, 2007, arguing that Mobley's appeal was untimely and his designation of issues on appeal was deficient. This Court set a briefing schedule on the Trustee's motion which contemplated a response from Mobley by July 11, 2007. To date, Mobley has not responded to the Trustee's motion.

Pursuant to 28 U.S.C. § 158, district courts have jurisdiction over appeals from certain orders of the bankruptcy court. The procedure for appeal is governed by Rule 8002(a) of the Fed. R. Bankr. P., which requires that notice of appeal be filed within ten days of the date of entry of the judgment, order, or decree of the bankruptcy court which is the subject of the appeal. Rule 8002's ten-day rule is jurisdictional; we cannot consider untimely filed appeals. *In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001). Furthermore, Mobley did not file any request for extension of his time to appeal as permitted by Rule 8002(c) and has not responded to the instant motion to dismiss.

Mobley did not file his notice of appeal until May 23, which was 22 days after the latest ruling, on

## ORDER

May 1, and four months after the earliest ruling, on February 1, from which he appeals. As Mobley's notice of appeal was filed well beyond the 10 day time period specified by Rule 8002, we lack jurisdiction to hear his appeal.

For the foregoing reasons, the Trustee's motion is granted and Mobley's appeal is dismissed with prejudice.

Dated: August 9, 2007

*/s/ Charles P. Kocoras*
CHARLES P. KOCORAS
U.S. District Court Judge

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

In re:  Charles Mobley

**JUDGMENT IN A CIVIL CASE**

Case Number: 07 C 3158

Appeal from the U.S. Bankruptcy
Court, Northern District of Illinois,
Eastern Division

Case No. 06 B 16966

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ☐ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Charles Mobley's appeal from the United States Bankruptcy Court dismissed with prejudice. All matters in controversy having been resolved, final judgment of dismissal with prejudice is entered.

Michael W. Dobbins, Clerk of Court

Date: August 9, 2007

/s/ Stephen C. Tokoph, Deputy Clerk